**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5260-18T2

FARIBOURZ PAYVANDI,

    Plaintiff-Appellant,

v.

MARCO SILVA and BETO SILVA,

    Defendants-Respondents.

_____

          Submitted September 22, 2020 – Decided  September 29, 2020

          Before Judges Haas and Mawla.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-003580-19.

          Faribourz Payvandi, appellant pro se.

          Respondents have not filed a brief.

PER CURIAM

    Plaintiff appeals from a Special Civil Part judgment in his favor after defendants failed to finish installing a heating and air conditioning system in his

home.[1]  Plaintiff alleges that the $2494 judgment was insufficient to cover his loss.  After reviewing the record in light of the contentions raised and the applicable law, we affirm.

The facts are not in dispute.  Plaintiff retained defendants to replace his existing heating and air conditioning system.  Defendants stated they would purchase and install two new heating units and condensers for $9000, including all related parts and labor.  Plaintiff paid defendants $7200 so they could purchase the equipment.  Defendants purchased the two heating units for $4800 and partially installed them.  Plaintiff paid defendants $500 to cover the labor costs for that work.

Thereafter, defendants failed to purchase the condensers[2] needed to complete the installation and performed no further work on the project.  Plaintiff then filed his complaint seeking damages against defendants.

---

[1]  Plaintiff's notice of appeal stated he was also appealing the trial judge's subsequent denial of his motion for reconsideration.  However, plaintiff's brief does not address this issue, and we therefore do not consider it.  Grubb v. Borough of Hightstown, 353 N.J. Super. 333, 342 n.1 (App. Div. 2002) (explaining that an issue raised in a notice of appeal but not briefed is deemed abandoned).

[2]  The condensers would have cost approximately $2100.

A-5260-18T2

Following a bench trial, the judge determined that plaintiff paid defendants a total of $7700. From that amount, the judge subtracted $5300, which represented the $4800 defendants spent for the two heating units and the $500 in labor costs defendants incurred for the partial installation of the equipment. The judge ordered defendants to refund plaintiff the $2400 difference between the value of the equipment and labor they provided ($5300) and the total plaintiff had paid them ($7700). After granting plaintiff's request for $94 in costs, the judge entered judgment in his favor in the amount of $2494. This appeal followed.

On appeal, plaintiff argues that "the trial court erred in awarding [him] less amount in damages [sic], thereby resulting in defendant being unjustly enriched." We review the factual findings made by a trial judge to determine whether they are "supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). Such findings made by a judge in a bench trial "should not be disturbed unless 'they are so wholly insupportable as to result in a denial of justice.'" Id. at 483-84 (quoting Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd o.b., 33 N.J. 78 (1960)).

A-5260-18T2

Applying these standards, we discern no basis for disturbing the trial judge's reasoned decision. Plaintiff conceded he was able to use the two heating units that defendants purchased for the home and that the $500 defendants charged for partially installing them was reasonable. Thus, the judge properly found that plaintiff was not entitled to recover these expenditures. In addition, plaintiff did not present any expert testimony to support a claim for additional damages.

Under these circumstances, the judge's decision to award judgment to plaintiff in the amount of the $2400 he paid to defendants for work and equipment they did not provide, plus $94 in costs, was fully supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5260-18T2